IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIS SHANE GORDON,

                  **Plaintiff,**

     v.                                    CASE NO. 06-3358-SAC

BUCK CAUSEY, et al.,

                  **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Barton County Jail in Great Bend, Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in this civil action. Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). Where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due

to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

Plaintiff first claims he is being denied his constitutional right of access to the courts. Plaintiff states that neither notary services nor a minimally adequate law library are available at the facility, and that jail staff refuse complaints he has handed them for copying and postage. Plaintiff acknowledges his filing of several cases and broadly states his ability to proceed in those matters will suffer if he does not have access to a law library. These allegations are insufficient to establish a claim of constitutional significance.

Prisoners have a constitutional right to adequate, effective, and meaningful access to the court to challenge violations of constitutional rights. Bounds v. Smith, 430 U.S. 817, 828 (1977).

This right of meaningful access extends to inmates in county jails. <u>Love v. Summit County</u>, 776 F.2d 908, 912 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986).  <u>Bounds</u>, however, "did not create an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).  The constitutionally relevant benchmark is meaningful, not total or unlimited, access, <u>Bounds</u>, 430 at 823, and the Fourteenth  Amendment right of due process via access to the courts "has not been  extended ... to apply further than protecting the ability of an inmate to  prepare a petition or complaint," <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576 (1974).  Significantly, a prisoner must demonstrate the alleged shortcomings impaired his ability to pursue a nonfrivolous legal claim.  <u>Lewis</u>, 518 U.S. at 351.  *See also* <u>Treff v. Galetka</u>, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Accordingly, absent plaintiff's amendment of the complaint to allege some actual injury in his ability to pursue a nonfrivolous legal claim, the court finds plaintiff's allegation of being denied access to the courts is subject to being summarily dismissed.

Second, plaintiff claims his religious rights are being violated because prisoners at the jail are not allowed to wear a wedding band or possess a rosary.  Plaintiff discounts the security reasons stated for these restrictions, and points to state prisoners who are allowed to wear wedding bands.  Plaintiff further claims the ministry services provided at the jail by a former law enforcement

3

official are inadequate.

Under the First Amendment, prisoners are entitled to reasonable opportunities to pursue sincerely held religious beliefs. Cruz v. Beto, 405 U.S. 319, 322 (1972). A prison regulation impacting an inmate's constitutional rights will be upheld where the regulation is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78 (1987).

In the present case, plaintiff does not allege how his possession of a rosary or a wedding band, or having an "independent religious leader," is essential to his practice of any sincerely held religious beliefs. Absent plaintiff's supplementation of the complaint sufficient to allege a constitutional deprivation, the court finds this claim also is subject to being summarily dismissed as stating no claim for relief.

And finally, the defendants named in the complaint are Barton County and the Barton County Sheriff. However, plaintiff alleges no deprivation of any constitutional right pursuant to a Barton County policy or custom, notwithstanding plaintiff's broad attack on the policies and procedures of the county jail. See Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(municipal entities liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983"). *See also*, Collins v. City of Harker Heights, 503 U.S. 115, 122 (1992)(government entity may not be held vicariously liable for

constitutional violations of its agents under theory of respondeat superior).  Nor does plaintiff cite any personal participation by the Barton County Sheriff in the alleged wrongdoing.  *See* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a section 1983 claim").

The court thus grants plaintiff an opportunity to amend the complaint to avoid dismissal of the complaint pursuant to 28 U.S.C. § 1915A(b) for the reasons stated herein.

Plaintiff's second motion for appointment of counsel and request for immediate injunctive relief are denied.  Plaintiff's broad allegation that his personal safety is in jeopardy at the county jail is insufficient for the issuance of a court order for plaintiff to be taken into federal custody as plaintiff requests.[1] The court finds plaintiff has not demonstrated there is a substantial likelihood he will succeed on the merits of his allegation, or that he will suffer irreparable injury without entry of the protective order being sought.  *See* Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980)(stating standards for preliminary injunction).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the full $350.00 district court filing fee to proceed through automatic

---

[1] Also, to the extent plaintiff seeks federal protective custody for himself and his family members in light of a pending child in need proceeding in the state courts, plaintiff raised this same request in a separate habeas action which the court has dismissed. *See* Gordon v. Respondent (no first or last name), Case 07-3032-SAC.

payments pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 6) and motion for immediate injunctive relief (Doc. 6) are denied.

**IT IS SO ORDERED.**

DATED:  This 28th day of February 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge