IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIS SHANE GORDON,

                    Plaintiff,

          v.                              CASE NO. 06-3358-SAC

BUCK CAUSEY, et al.,

                    Defendants.


                    O R D E R

     Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed while he was confined in the Barton County Jail in Great Bend, Kansas, seeking relief from Barton County and the Barton County Sheriff for alleged violations of his constitutional right of access to the courts, and his First Amendment right to practice his religious beliefs.[1]  By an order dated February 28, 2007, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief against either defendant. Having examined the pleadings plaintiff filed in response, which includes plaintiff's amendment and supplement of the complaint,[2] the court concludes this action should be dismissed.

_____

        [1]Plaintiff is currently incarcerated in a state correctional facility, in the custody of the Kansas Department of Corrections.

        [2]Plaintiff's motion to amend the complaint (Doc. 15) is granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

Specifically, the court found plaintiff's allegations of being denied an adequate law library and notary services at the jail, and of jail staff refusing pleadings offered for copying and postage, were insufficient to state a cognizable constitutional claim for the violation of plaintiff's right of access to the courts, and the court specifically noted plaintiff's failure to identify any prejudice resulting from the alleged deficiencies. *See* Bounds v. Smith, 430 U.S. 817, 828 (1977)(right of access to the courts); Lewis v. Casey, 518 U.S. 343, 351 (1996)(showing of prejudice required to state cognizable claim). The court also found plaintiff's allegations of interference with his religious beliefs wholly failed to state a claim of constitutional significance.

In response, plaintiff states only that the Barton County Sheriff is responsible for operating the jail in a constitutional manner. This is insufficient, because plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). Nor does plaintiff address the constitutional requirements for stating a claim of municipal liability against Barton County. *See* Collins v. City of Harker Heights, 503 U.S. 115 (1992)(stating municipal liability requirements); Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(same). Thus the court concludes the amended and supplemented complaint should be dismissed.

Moreover, even is a proper defendant were named in this action, plaintiff's allegations remain insufficient to state a viable claim

of being denied his right of access to the courts or to practice his religious beliefs.

To the extent plaintiff argues no showing of prejudice is required to state an access to the courts claim, plaintiff's reliance on cases filed prior to Lewis v. Casey, 518 U.S. 343, 351 (1996), or language appearing in a dissenting opinion filed in Bounds v. Smith, 430 U.S. 817, 828 (1977), is misplaced. Additionally, plaintiff's identification of an appeal that was never successfully docketed in the state appellate courts after plaintiff filed a notice of appeal filed in a 2006 state civil child maintenance action does not establish the denial of a constitutional right of access to the courts.  The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus.  *See* Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995).  Although plaintiff also cites his lack of sufficient materials to prepare and serve copies of pleadings to defendants in this case, no prejudicial error is demonstrated where the court has not yet authorized service of summons on any defendant.

Additionally, plaintiff's bare reassertion of a personal religious belief to wear his wedding band remains insufficient to state a First Amendment claim, and his bare citation in his amended and supplemented complaint to the Religious Freedom Restoration Act (RFRA) as a basis for seeking relief is lacks legal merit.  *See* City

3

of Boerne v. Flores, 521 U.S. 507, 532-36 (1997)(RFRA is
unconstitutional as applied to state and local governments).

Accordingly, for the reasons stated herein and in the order
dated February 28, 2007, the court concludes the amended and
supplemented complaint should be dismissed because no claim for
relief is stated against any named defendant under 42 U.S.C. § 1983.
*See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee,
or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that...the
action...fails to state a claim on which relief may be granted").

Plaintiff is further advised that all pleadings submitted for
filing in this or any of plaintiff's cases in federal court must
include a caption and a clear title regarding the type of pleading
and the relief being sought.  Pleadings filed by pro se litigants
are to be liberally construed by the court, but pro se parties are
still expected to follow the rules of procedure governing other
litigants. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Green v.
Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S.
940 (1993). Plaintiff's submission of correspondence to the court
that cites or references plaintiff's various cases will not be
docketed for court review.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the
complaint (Doc. 15) and to supplement the complaint (Doc. 16) are
granted, and that the amended and supplemented complaint is
dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for relief (Doc.

4

13) and motion for injunctive relief (Doc. 14) are dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 1st day of November 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge